AMANDA BUTLER *vs*. THE WILMINGTON CITY RAILWAY COMPANY,
   a corporation existing under the laws of the State of Delaware.

1. CARRIERS—INJURIES TO PASSENGER—NATURE OF ACTION.
   The gist of an action against a carrier for injuries received by a passenger is negligence.

2. NEGLIGENCE—NATURE.
   "Negligence" is the want of the ordinary care which a reasonably prudent man would exercise under like circumstances.

3. CARRIERS—INJURY TO PASSENGER—BURDEN OF PROOF.
   The burden of proof is upon a passenger, seeking to recover against a street railway for personal injuries, to show by a preponderance of evidence that defendant's negligence caused the injuries.

4. CARRIERS—PERSONAL INJURIES—CARE REQUIRED—PASSENGER.
   Where a person, with a right to transportation upon one of a street railway's cars, by mistake enters another, he must be treated as a passenger with respect to his safety while on it.

Syllabus.

5. CARRIERS—PERSONAL INJURIES—PRESUMPTIONS FROM INJURY.

No presumption of negligence either on the part of a carrier or passenger arises because of an injury to the passenger when leaving the carrier's vehicle.

6. CARRIERS—PERSONAL INJURIES—CONTRIBUTORY NEGLIGENCE IN GENERAL.

Where the negligence of one who was injured by a street car company contributed to the injury, that person cannot recover.

7. CARRIERS—PERSONAL INJURIES—CARE REQUIRED TAKING UP PASSENGERS.

When letting passengers on and off, a street car company is bound to stop its cars a reasonable time and use all reasonable care to secure their safety.

8. CARRIERS—PERSONAL INJURIES—CARE REQUIRED IN GENERAL.

A street railway, while not an insurer of the safety of its passengers, is bound to exercise the highest degree of care practicable.

9. PLEADING—VARIANCE.

A plaintiff's proof, in an action against a street railway for personal injuries, must not vary from the allegations in the declaration.

10. EVIDENCE—WEIGHT AND SUFFICIENCY—NUMBER OF WITNESSES.

The preponderance of evidence depends, not necessarily upon the number of witnesses, but upon the weight of the testimony.

11. EVIDENCE—WEIGHT AND CREDIBILITY OF WITNESSES.

In determining the weight of testimony and credibility of witnesses, the jury may consider their apparent fairness, interest, or bias, and their opportunity of knowledge and accuracy of recollection.

12. DAMAGES—MEASURE OF DAMAGES—PERSONAL INJURIES.

Damages, in action for personal injuries, include pain and suffering, and any disability, and necessary expenditures caused by the injury.

(*January* 24, 1911.)

Judges CONRAD and WOOLLEY sitting.

*Horace G. Eastburn* for plaintiff.

*Walter H. Hayes* and *Andrew C. Gray* (of *Ward, Gray* and *Neary*) for defendant.

Superior Court, New Castle County, January Term, 1911.

ACTION ON THE CASE (No. 67, May Term, 1910), to recover damages for personal injuries alleged to have been sustained by the plaintiff, while in the act of boarding a trolley car of the defendant company at Eighth and Market streets, in the City of Wilmington.

The case is stated in the charge to the jury.

CONRAD, J., charging the jury:

Gentlemen of the jury:—This is an action brought by Amanda Butler, the plaintiff, against The Wilmington City Railway Company, the defendant, to recover damages for personal injuries, alleged to have been caused by the negligence of the defendant company.

The plaintiff contends that on February 16, 1910, she boarded one of the cars of the defendant company, standing on the track of the company at Eighth Street, in the city of Wilmington, just east of Market Street; that she was ordered off of said car, an employe of the company explaining to her that the car was not running on the route that she desired to take; that while in the act of getting off of said car the car started, and she was through negligence and carelessness of the defendant violently thrown to the ground and badly hurt, injured, wounded, etc.

The defendant company contends that it was not guilty of any negligence, that the plaintiff never was on the car, but that, seeing the car, which defendant claims at the time was moving, and not stopped, plaintiff tried to board the same and in doing so slipped and fell, and that the plaintiff's falling was due solely to her own negligence.

It is admitted by the parties hereto that the defendant operated the car in question; that the car of the defendant company was rightfully in the street; that defendant was a carrier of passengers for hire; that the occurrence was in the city of Wilmington, county of New Castle and state of Delaware, and that transfers issued to passengers on the West Fourth Street line of said defendant are entitled to ride on the East Eighth Street line pursuant to the conditions of said transfers.

The basis and gist of this action is the negligence of the defendant. Negligence has often been defined by this court to be the want of ordinary care; that is, the want of such care as a reasonably prudent and careful man would use under similar circumstances. It is for the jury to determine from the evidence whether there was any negligence that caused the accident, and, if there was, whether it was the negligence of the defendant. To entitle the plaintiff to recover at all it must have been shown

to the satisfaction of the jury, by a preponderance of the evidence, that the negligence which caused the injuries complained of, if any there was, was the fault of the defendant company; and the jury must be further so satisfied that the negligence of the defendant, if any there was, which caused the plaintiff's injuries, was the negligence described in the plaintiff's declaration, viz., the sudden starting up of the car while the plaintiff was in the act of alighting therefrom. Such negligence is not to be presumed, but must be proved, and the burden of proof is upon the plaintiff.

The plaintiff claims that she was at the time and place of the accident a passenger of the defendant company. This, however, being denied by the defendant, it is for you to determine from the evidence whether she was such passenger or not. If you find the plaintiff by mistake entered the wrong car, although she had the right to passage on the right car, the court says to you that she must be treated as a passenger, with respect to her safety, while on the car.

A pure accident without negligence on the part of the defendant is not actionable, and if the jury should believe that what happened in this case was of such character, it would come under the head of unavoidable accident, and the plaintiff cannot recover.

If the defendant was guilty of no negligence the plaintiff cannot recover, no matter what injuries the plaintiff may have received or what caused them. No presumption of negligence, either on the part of the plaintiff or defendant, arises from the mere fact that the plaintiff was injured.

If it shall appear to the satisfaction of the jury that the plaintiff was negligent herself, and that such negligence contributed to or entered into the accident, and was operating at that time, then the plaintiff cannot recover. In such case the plaintiff would be guilty of contributory negligence, and where there is contributory negligence the law will not attempt to measure the proportion of blame or negligence to be attributed to either party.

Where there is mutual negligence, that is, where the negligence of each party is operative at the time of the accident, no action can be sustained.

A street railway company in letting its passengers on and off

its cars, is bound to stop its cars, and wait a reasonable time for the passengers to get on or off at its usual stopping places, and a failure to do so would be negligence on its part.   It is also its duty to exercise all reasonable care to secure the safety of the passengers. · What would be such reasonable time and care would depend, of course, upon the conditions and circumstances of the particular case.   A common carrier, such as a railway company, is required to exercise the highest degree of care and diligence that is reasonably practicable in securing the safety of its passengers. But while the common carrier is held to strict care and prudence in the safe transportation of its passengers, yet it must be borne in mind that it is by no means an insurer of their safety; but is only responsible for its own negligence in case of injury.

On the other hand, there is a duty resting upon the passenger to act with prudence, and to use the means provided for his or her safe transportation, with reasonable circumspection and care, and if his negligent act contributes to bring about the injury complained of, he cannot recover.   It is the duty of the passenger to exercise all reasonable care in alighting from a car.   The plaintiff in her declaration has alleged as the negligence of the defendant company, upon which she bases her action and relies for recovery, that the company suddenly started up the car when she was in the act of alighting therefrom.   In order for her to recover, therefore, she must have satisfied you that her injuries were caused by such sudden starting up of the car when she was alighting therefrom.   If the car was not suddenly started  but was stopped, and at rest, at that time, she cannot recover.   This is necessarily so, because, as we have said there arises no presumption of liability on the part of the defendant from the mere fact that the plaintiff was injured.   She cannot recover unless it has been shown to your satisfaction by the preponderance of the evidence that her injuries were caused by the negligence of the defendant as alleged. The preponderance of the evidence, depends not necessarily upon the number of witnesses, but upon the weight of the testimony.

Where there is a conflict of evidence, as there is in this case, it is the duty of the jury to reconcile it if they can; but if they cannot do so, it becomes their duty to render their verdict in favor

Charge.

of that side upon which the evidence reasonably and clearly preponderates. In determining the weight of the testimony and the credibility of the witnesses you may consider the apparent fairness, interest or bias of the witnesses, their opportunity to see and know of the accident, their recollection of the circumstances connected therewith, and any and all other facts and circumstances that go to test the accuracy of their testimony.

If you are satisfied from the evidence that the plaintiff, while in the act of alighting from the car, was hurled or thrown to the ground and injured by the sudden starting of the car as she has alleged in her declaration; and are also satisfied that the plaintiff herself was not at the time guilty of some negligence that contributed proximately to the accident, your verdict should be in favor of the plaintiff, and for such an amount as would reasonably compensate her for the injuries she sustained, including therein her pain and suffering, for any disability that has resulted from her injuries and also for any necessary expenditure or charge incurred by the plaintiff and for which she made herself liable on account of the injuries received in said accident.

If you are not satisfied that the injuries to the plaintiff were caused by the sudden starting of the car while she was in the act of alighting therefrom, as alleged by her; or if you should believe that they were caused by her own negligence, your verdict should be in favor of the defendant.

Verdict for defendant.